# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:16-CV-660-MOC-DSC

| | |
|---|---|
| **RONALD ARMSTEAD, et. al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **SUMMIT FUNDING, INC., et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss" (document #6) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pro se Plaintiffs allege that Defendants violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. (the "ECOA") by losing their "banking, retirement entitlement information, and other credit information" during the mortgage loan application process.

Accepting the factual allegations of the Complaint as true, on February 26, 2014, Plaintiffs met with a representative of Defendant Summit Funding, Inc. ("Summit") to submit a home mortgage loan application. They provided various documents necessary to initiate their loan

application and authorized Summit's representative to obtain a credit report. Summit's representative made copies of the documents and returned the originals to Plaintiffs.

Plaintiffs allege that another Summit employee told their realtor that Summit's "computer based processing system" had been destroyed and that Defendant Violante would be assuming responsibility for processing their loan application. Violante told Plaintiffs' realtor that they would need to submit their documents again because he was unable to locate them.

Plaintiffs allege they "have been exposed to tremendously and possibly irreparable harm to their financial stability in their latter years by this action and the loss and exposure of their personal financial information." Plaintiffs also allege that they have suffered health issues as a result of Defendants' conduct.

On October 31, 2016, Defendants filed their Motion to Dismiss which is ripe for disposition.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The ECOA makes it unlawful for any creditor to discriminate against any applicant on the basis of race, color, religion, national origin, sex, marital status, or age; the fact that all or part of the applicant's income derives from a public assistance program; or the fact that the applicant has in good faith exercised any right under the ECOA. 15 U.S.C. § 1691(a). Plaintiffs do not allege

that Defendants discriminated against them in any way.

Rather, Plaintiffs allege that Defendants lost photocopies of their financial documents. Plaintiffs cite 12 C.F.R. 202.12(b) which governs records retention under the ECOA. This provision applies only to the retention of records to establish compliance with the statute. Plaintiffs have failed to identify any duty on Defendants' part to maintain their records under the ECOA.

For those and the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u>.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendants' Motion to Dismiss" (document #6) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs, to defense counsel, and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: January 12, 2017

David S. Cayer
United States Magistrate Judge