| | | |
|---|---|---|
| **CONNIE HATCHER** | ) | |
| **RONALD ARMSTEAD,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TODD SCRIMA** | ) | |
| **GEORGE VIOLANTE** | ) | |
| **SUMMIT FUNDING INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (#12) issued in this matter. In the Memorandum and Recommendation (#12), the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, § 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings

1

and recommendations." Id.  Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Plaintiffs, who are representing themselves, have filed with the court a "Response to Recommendations" (#13), which the court has deemed to be timely Objections.  Reading their Objections in a light most favorable to them, plaintiffs contend that Judge Cayer's recommendation is not supported by applicable law. Specifically, they contend that the Equal Credit Opportunity Act ("ECOA") and its implementing regulations require lenders to retain copies of consumer loan applications, such as the one they submitted in 2014, and that failure to retain those documents is privately actionable.

While Rule 72(b)(2), Fed. R. Civ. P., allowed defendants 14 days within which to file a Response to plaintiffs' Objections, defendants have not filed a response. This lack of Response leaves the court in a procedurally difficult position.  Plaintiffs' Objections are nearly identical to issues which were discussed in their Response to defendants' Motion to Dismiss and specifically addressed in defendants' Reply; however, such issues were not specially addressed in the Memorandum and Recommendation and have not been addressed in any Response to the Objections.

The court has, therefore, closely read plaintiffs' Objections, paying particular attention to their citation to 12 C.F.R. § 1002.16 as well as defendants' earlier arguments in their Reply (#11).  First, § 1002.16(b)(1) provides, as follows:

(1) Sections 702(g) and 706(a) and (b) of the Act provide that any creditor that fails to comply with a requirement imposed by the Act or this part is subject to civil liability for actual and punitive damages in individual or class actions. Pursuant to sections 702(g) and 704(b), (c), and (d) of the Act, violations of the Act or this part also constitute violations of other Federal laws. Liability for punitive damages can apply only to nongovernmental entities and is limited to $10,000 in individual actions and the lesser of $500,000 or 1 percent of the creditor's net worth in class actions. Section 706(c) provides for equitable and declaratory relief and section 706(d) authorizes the awarding of costs and reasonable attorney's fees to an aggrieved applicant in a successful action.

12. C.F.R. § 1002.16(b)(1). While both Judge Cayer and defendants concluded that the document retention requirements of the act are administrative and intended to aid regulatory enforcement, they are nonetheless "a requirement imposed by the Act or this part …." Id. Thus, read plainly, it appears that the ECOA and the implementing regulations recognize a cause of action.

Next, the court has considered defendants argument in their Reply that the document retention provision of the ECOA did not create any creditor duty towards applicants and that they could not "find a single case finding liability under the theory set forth by Plaintiffs." Reply (#11 at 2 & n.1). While the court agrees that there is no case that has held that violation of the document retention provision is privately actionable, it is equally true that there is no case that provides that violation of that provision is non-actionable, making such a claim "novel." The fact that a claim is novel does not mean that a cause has not been stated under Rule 12(b)(6): "[c]ase law and legal commentators both encourage the denial of Rule 12(b)(6) motions where novel or unique theories are presented." Maryland Restorative Justice Initiative v. Hogan, 2017 WL 467731, at *25 (D. Md. Feb. 3, 2017) (citation and corresponding quotation marks omitted). Thus, the court cannot

conclude based on this record that the document retention provisions of the ECOA are non-actionable by an applicant.

Defendants also argued in their earlier Reply (#11) that the Complaint should be dismissed in any event because an actionable claim requires an allegation of actual damages and plaintiffs must be able to prove a causal link between the alleged violation and the alleged damages. Specifically, defendants argued that while plaintiffs allege that Plaintiff Armstead suffered a stroke during the loan process, he fails to allege "it is because Plaintiffs' documents were lost." Id. at 1. The court finds that defendants have too narrowly read plaintiffs' claim for injury, which is as follows:

> Plaintiffs have been exposed to tremendous and possibly irreparable harm to their financial stability in their latter years by this action by the loss and exposure of their personal financial information. The completeness of this file and the magnitude of fraudulent or criminal elements having such information that can be utilized for many years to come against the Plaintiffs, resulting in total financial ruin, whenever they decide to use this information for criminal purposes is overwhelming. That all financial account numbers, social security numbers, retirement entitlement account numbers and monthly dollar amounts, locations of where these and any investment accounts are and information to access these account and cause financial ruin is insurmountable. Plaintiff also, for the stress of this mortgage loan process with Defendant suffered and endured health issues, including documented from hospitalization, a series of strokes, as a direct result of needless stress from this financial transaction.

Complaint (#1) at 4. First, actual damages are defined as: "Real, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury, as opposed on the one hand to 'nominal' damages, and on the other to 'exemplary' or 'punitive' damages." Griesz v. Household Bank, 8 F.Supp. 1031, 1043 (N.D.Ill. 1998) (quoting Black's Law Dictionary 390 (6th Ed.1990)). Indeed, this court's

colleague in Maryland has held that actual damages recoverable under ECOA include mental anquish and other non-monetary injury. Coulibaly v. JP Morgan Chase Bank, N.A., 2012 WL 3985285, at *6 (D.Md. Sept. 7, 2012) (Chasanow, J.). Second, defendants' argument that the Complaint lacks an allegation of a causal connection between the injury and the alleged wrongful act cannot be squared with plaintiffs' contention that Plaintiff Armstead suffered "a series of strokes, as a direct result of needless stress from this financial transaction." Complaint (#1) at 4.

To survive a motion to dismiss, plaintiffs need not demonstrate that their right to relief is probable or that alternative explanations are less likely; rather, they must merely advance their claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). If their explanation is plausible, the complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 556. While the allegations have not been cast with precision, the court can discern from the totality of the Complaint sufficient plausible allegations to cover all the bases, even though those bases have not been touched in the right order. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (finding that a pro se plaintiff must "allege facts sufficient to state all the elements of [the] claim.").

In conducting that analysis, the court has considered the Complaint in its entirety and in context with plaintiffs' responsive filings. When liberally read, the *pro se* Complaint

(#1) could state a plausible claim. While not directly stating that the defendants lost their documents intentionally or that such loss was based on their age, plaintiffs have pointed to lack of retention of documents, that such retention is required by law, that they are elderly, and that they have suffered damages due to such loss.

Whether plaintiffs will be able to *prove* that defendants' alleged loss of their paperwork had anything to do with their age or actually resulted in any damages is an entirely different inquiry, one that is best left for summary judgment after defendants and plaintiffs have had an opportunity for discovery.

\*\*\*

With those concerns in mind, the court has determined that this matter may well be a good candidate for the Pro Se Settlement Assistance Program and would encourage both sides to utilize that court-sponsored program to resolve this matter.


**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiffs' Objections (#13) are **SUSTAINED**, the Memorandum and Recommendation (#12) is respectfully **OVERRULED**, the Motion to Dismiss (#6) is **DENIED** without prejudice as to reasserting it at summary judgment after discovery, and defendants are instructed to file an Answer within 14 days.

Signed: February 9, 2017



Max O. Cogburn Jr.
United States District Judge

6